IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MAURECUS ADAMS,

    Plaintiff,

vs.                                             Case No. 17–cv–0715–DRH

RICHARD HARRINGTON,
KIM BUTLER,
CHRISTI RAYBURS,
RANDY HOPKINS,
SUNEJA,
ROBERT HUGHES,
ZANG,
C. BRADLEY,
SPILLER,
JERRY L WHITTHOFT,
MAJORE HECKINGER,
H. WILSON,
ODISA,
TRACEY LEE,
KIRK,
JAMES,
DR. REED,
VAUGHN,
TRACY ENGLSON,
LUKE FAIRLESS,
JACK YEN,
L. HARTLEROAD,
TRAVIS JAMES,
HALEY BASNETTE,
H. O'BRIEN,
JESSIE SMITH,
D.D. BROOKHART,
GOINS,
DUNCAN,
WARDEN LAWRENCE
CORRRECTIONAL CENTER,
PETTERSON,
A. WILLS,

1

R. STEFUN,
ORANGE CRUSH (MENARD),
ORANGE CRUSH (STATEVILLE),
JANE DOE,
JOHN DOE 1,
JOHN DOE 2,
JOHN DOE 3,
JOHN DOE 4,
SHAH,
A. DEE-HOUT, and
H. LOCKHARD

**Defendants.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff Maurecus Adams, an inmate in Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff requests declarative relief, a preliminary and permanent injunction, a pardon, compensatory damages, punitive damages, and costs. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is severable.

### **The Complaint**

On February 5, 2014, while at Menard, C/O Petterson agreed to stomp on Plaintiff at the request of other inmates who believed Plaintiff was a snitch. (Doc. 1, p. 7). That same day, Wills gave orders to kill Plaintiff because he said Plaintiff talked too much. *Id.* Nurse Stefun agreed to use Drug S6K and HIV in order to kill Plaintiff; Stefun had allegedly discovered that Drug S6K, when combined with HIV, will cause an allergic reaction. (Doc. 1, p. 8). Nurse Rayburs also agreed to issue a report on Plaintiff's death. *Id.* Nurse Hopkins agreed to report Plaintiff's murder as a suicide. *Id.* Plaintiff also believes that "rape was also a weapon to

3

maybe be used to give me HIV," although the Complaint never states he was actually raped. (Doc. 1, pp. 7-8). Lt. Hughes then came and took Plaintiff to segregation in violation of his 8th Amendment Rights. (Doc. 1, pp. 8-9).

Records attached to the Complaint indicate that Plaintiff engaged in self-harming behavior on February 5, 2014, and was placed on crisis watch. (Doc. 1-1, pp. 14-16).

Dr. Suneja came to Plaintiff's cell on February 10, 2014 to check on the effects of the drug. (Doc. 1, p. 8). Plaintiff complained to him, but nothing was done. *Id.* Plaintiff also complained to Suneja on February 18, 2014, March 23, 2014 and July 28, 2014. *Id.* Plaintiff alleges that Nurse Jane Doe then came to his cell and poked him twice with a small syringe through the bars. (Doc. 1, p. 9). Zang was the gallery officer at this time. *Id.* The porter also gave Plaintiff a juice box containing urine. *Id.* Lt. Bradley, Spiller, Whitthoft, and Heckinger observed the effect of the drug on Plaintiff and forced him out of his cell using the extraction team to see the nurse. (Doc. 1, pp. 9-10). The Menard Orange Crush team maced and extracted Plaintiff from his cell; Plaintiff alleges he refused the order to cuff up out of fear. (Doc. 1, p. 10). The Menard Orange Crush team also took the juice container full of urine. *Id.* Plaintiff was given another juice container by Wilson that contained an electronic transmitter. *Id.* Plaintiff felt the transmitter get caught between his throat and his chest. *Id.* Plaintiff spoke to several officers about the transmitter but they failed to document it. *Id.* Richard Harrington was

4

the Warden of Menard during both the February 5 and 10 incidents. (Doc. 1, p. 11).

On May 28, 2014, Odisa transported Plaintiff from a squad car, which he had been in due to a court writ, to segregation. (Doc. 1, p. 10). Odisa verbally threatened Plaintiff, telling him that he should only ask for help if he didn't remember what happened the last time. (Doc. 1, pp. 10-11).

On April 8, 2015, Lee "called [Plaintiff] out" regarding the grievance he wrote on March 6, 2014[1] regarding being poisoned. (Doc. 1, p. 11). Plaintiff alleges this violated his 5th, 8th, and 14th Amendment rights. *Id.*

Kim Butler was Warden of Menard from June 25, 2014 through March 6, 2015, during the time frame that Plaintiff wrote a letter that received no response. *Id.*

Plaintiff was transferred to Stateville on a court writ on May 14, 2014. *Id.* He told Lt. Kirk, Lt. James, Dr. Reed, John Doe #2, John Doe #3, and John Doe #4 that Menard staff had tried to poison him and "chipped" him. (Doc. 1, pp. 11-12). James, Reed, and Kirk arranged for Plaintiff to be sent to crisis based on his allegations, but otherwise took no action. (Doc. 1, p. 12).

Plaintiff was due to return to Menard on May 28, 2014. *Id.* He told John Doe #4 what happened, but Doe #4 said that he couldn't do anything and refused to stop the transfer. *Id.* Plaintiff then spoke to Lt. Vaughn, who also told Plaintiff he had to return despite his allegations. (Doc. 1, p. 13). Finally Plaintiff told

---

[1] Plaintiff elsewhere repeatedly states that the grievance was filed March 6, 2015. (Doc. 1-1, pp. 8-13).

Tracy Englson, who also refused to help him and called the Stateville Orange Crush team to extract Plaintiff from his cell. *Id.* Orange Crush then forced Plaintiff out of his cell. *Id.* Plaintiff alleges that the Warden of Stateville is also responsible for this conduct carried out by his employees. *Id.*

It appears that Plaintiff was transferred to Lawrence Correctional Center sometime in 2015. *Id.* Plaintiff reported his poisoning and the installation of the human electronic tracking device at Menard to Luke Fairless, a member of the Lawrence psychological team. *Id.* Fairless diagnosed Plaintiff as suffering from delusions without doing any research. *Id.* Fairless also told Plaintiff he would not approve any transfers. (Doc. 1, p. 14).

Plaintiff also received psychiatric treatment from Jack Yen via telemedicine on August 14, 2015, September 18, 2015, November 20, 2015, December 18, 2015, January 29, 2016, and March 4, 2016. *Id.* Plaintiff complained about the poisoning and the electronic device, but his comments never seemed to get through to Yen. *Id.* Yen prescribed medication, which Plaintiff refused because he felt that Yen did not understand his problems and had not researched them. *Id.*

Plaintiff saw Hartleroad between August 26, 2016 and October 21, 2016 and told her about "everything that's going on," but Hartleroad took no action. *Id.*

Plaintiff saw Travis James, a physician assistant at Lawrence Correctional Center on October 13, 2016, November 9, 2016, and November 16, 2016. *Id.*

Each time Plaintiff told James what had happened to him at Menard, and each time James refused to help. *Id.*

Likewise, Plaintiff spoke to Basnette about the events at Menard, and she offered him medication, but refused to do any research. *Id.*

Plaintiff also spoke to O'Brien on November 8, 2016, and while she asked questions, she diagnosed Plaintiff as delusional without doing any research. (Doc. 1, pp. 14-15).

Plaintiff spoke to Jessie Smith on May 22, 2015, June 8, 2015, and October 17, 2016; like all the other medical providers, she offered Plaintiff medication and nothing more. (Doc. 1, p. 15).

Plaintiff also tried telling Dee-Hout about everything on November 12, 2016, but she likewise failed to do anything except send Plaintiff to crisis. *Id.*

On September 4, 2016, September 8, 2016, and October 1, 2016 Plaintiff complained to Dr. Lockhard about his "problems" and his blocked bowels. *Id.* Lockhard provided Mag Citrate, and Plaintiff is still taking it to this day. *Id.*

Plaintiff met with Dr. Shah on November 21, 2016, January 16, 2017, February 6, 2017, March 2, 2017, and March 7, 2017 about "what's going on." *Id.* Shah told Plaintiff he'd send him to a specialist, but then later recanted and said that the Psychology department told him he had no authority to do so *Id.*

Plaintiff complained to Warden Brookhart in August 2016; Brookhart referred Plaintiff to Fairless. (Doc. 1, p. 16). A year prior in August 2015, Plaintiff also asked Warden Duncan about the status of his investigation at

Menard about the poison and got no response. *Id.* Plaintiff also wrote to Warden Goins in August 2015; Goins told him to expect an answer but Plaintiff never received an answer. *Id.*

## **Discussion**

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 12 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

> **Count 1** – Petterson, Wills, Stefun, Rayburs, Hopkins, Hughes, and Nurse Jane Doe engaged in a plot at to poison Plaintiff with Drug S6K and HIV on February 5, 2014 in violation of the Fifth, Eighth, and Fourteenth Amendments;
>
> **Count 2** – Suneja, Zang, Bradley, Spiller, Whitthoft, Heckinger, and Harrington were deliberately indifferent to Plaintiff's infection with Drug S6K and HIV in violation of the Eighth Amendment;
>
> **Count 3** – Orange Crush (Menard) performed an unconstitutional cell extraction while Bradley, Spiller, Whitthoft, and Heckinger watched in violation of the Fifth, Eighth, and Fourteenth Amendments;
>
> **Count 4** – Wilson gave Plaintiff a juice container with an electronic transmitter on February 10, 2014, which Plaintiff ingested in violation of Plaintiff's Fifth, Eighth, and Fourteenth Amendment Rights;
>
> **Count 5** – On May 28, 2014, Odisa transported Plaintiff from a court writ and orally threatened him in violation of his Fifth, Eighth, and Fourteenth Amendment rights;
>
> **Count 6** –Lee asked Plaintiff about a grievance Plaintiff filed to Springfield in violation of Plaintiff's Fifth, Eighth, and Fourteenth Amendment rights;

**Count 7** – Butler failed to respond to Plaintiff's June 25, 2014 grievance and subsequent March 6, 2015 grievance in violation of Fifth, Eighth, and Fourteenth Amendment rights;

**Count 8** – Kirk, James, Reed, John Doe #2, John Doe #3, John Doe #4, Vaughn, Englson, and John Doe #1 were deliberately indifferent to the alleged constitutional violations Plaintiff suffered at Menard when they ignored his Complaints and refused to stop his transfer back to Menard;

**Count 9** – Orange Crush (Stateville) performed an unconstitutional cell extraction on Plaintiff on May 28, 2014 at Englson's behest in violation of Plaintiff's Fifth, Eighth, and Fourteenth Amendment rights;

**Count 10** – Fairless, Yen, Hartleroad, James, and Basnette, O'Brien, Smith, Dee-Hout, and Shah were deliberately indifferent to Plaintiff's serious medical needs when they diagnosed him with delusional disorder in lieu of treating him for poison and insertion of an electronic transmittal device in violation of Plaintiff's Fifth, Eighth, and Fourteenth Amendment rights;

**Count 11** – Lockhard was deliberately indifferent to Plaintiff's serious medical needs when he provided him with Mag Citrate in violation of Plaintiff's Fifth, Eighth, and Fourteenth Amendment rights;

**Count 12** – Brookhart, Duncan, and Goins failed to adequately respond to Plaintiff's letters regarding his treatment and/or the events at Menard in violation of Plaintiff's Fifth, Eighth, and Fourteenth Amendment rights.

In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits, "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *George*, 507 F.3d at 607 (citing 28 U.S.C. § 1915(b)(g)); *Wheeler v. Talbot*, -- F. App'x --, 2017 WL 2417889 at *1 (7th Cir.

June 5, 2017)(failing to sever mis-joined claims prejudices the United States Treasury); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). Claims against different defendants, which do not arise from a single transaction or occurrence (or a series of related transactions/occurrences), and do not share a common question of law or fact, may not be joined in the same lawsuit. *See* Fed. R. Civ. P. 20(a)(2); *Owens*, 860 at 436. Further, a prisoner who files a "buckshot complaint" that includes multiple unrelated claims against different individuals should not be allowed to avoid "risking multiple strikes for what should have been several different lawsuits." *Turley v. Gaetz*, 625 F.3d 1005, 1011 (7th Cir. 2010). The Court has broad discretion as to whether to sever claims pursuant to Federal Rule of Civil Procedure 21, or to dismiss improperly joined Defendants. *See Owens v. Hinsely*, 635 F.3d 950, 952 (7th Cir. 2011); *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000).

Plaintiff's claims fall roughly into 3 groups: 1) Plaintiff's claims regarding his alleged poisoning and the implantation of an electronic monitoring device at Menard; 2) Plaintiff's claims alleging that employees of Stateville Correctional Center were deliberately indifferent to his allegations about Menard and transferred him back there; 3) Plaintiff's claims that employees at Lawrence failed to treat him for poisoning or remove the electronic monitoring device and ignored his complaints about Menard. There are unique Defendants across the 3 claim groupings, and none of the groups share a common nucleus of facts or events. The groups are also based on different legal theories. For example, the

allegations out of Menard fall under an excessive force rubric, while the claims at Stateville and Lawrence allege deliberate indifference to safety and to Plaintiff's medical condition, respectively. For these reasons, the Court shall sever Plaintiff's claims into 2 additional cases and assess a new filing fee in the other cases.

Consistent with the *George* decision and Federal Rule of Civil Procedure 21, the Court shall sever the claims in Counts 8 and 9 into a separate action against Kirk, James, Reed, Vaughn, Englson, John Does #1-4, and members of the Stateville Orange Crush tactical team.[2] Additionally, the Court will sever the claims in Counts 10-12 into a separate action against Fairless, Yen, Hartleroad, James, Basnette, O'Brien, Smith, Brookhart, Goins, Duncan, Shah, Dee-Hout, Lockhard, and the Warden of Lawrence Correctional Center. The 2 severed cases shall have newly-assigned case numbers. Plaintiff shall be assessed 2 more filing fees for the newly severed cases.

Counts 1-7 shall remain in this action. A separate order shall be issued in this case to review the merits of that claim. Plaintiff shall be provided with a copy of the merits review order as soon as it is entered. No service shall be ordered on any Defendant at this time, pending the § 1915A review.

---

[2] These claims are likely more properly brought in the Northern District of Illinois, where Stateville Correctional Center is located.

11

## Disposition

**IT IS HEREBY ORDERED** that Counts 8-12, which are unrelated to Counts 1-7, are severed into 2 separate cases. Counts 1-7 against Harrington, Butler, Rayburs, Hopkins, Suneja, Hughes, Zang, Bradley, Spiller, Whitthoft, Heckinger, Wilson, Odisa, Lee, Petterson, Wills, Stefun, unknown Menard Orange Crush members, and Jane Doe shall remain in this case. The first severed case shall contain Counts 8-9 and shall be against Kirk, James, Reed, Vaughn, Englson, John Does #1-4, and Stateville Orange Crush Members. The second severed case shall contain Counts 10-12 against Fairless, Yen, Hartleroad, James, Basnette, O'Brien, Smith, Brookhart, Goins, Duncan, Shah, Dee-Hout, Lockhard and the Warden of Lawrence Correctional Center. Defendants Kirk, James, Reed, Vaughn, Englson, John Does 1-4, Stateville Orange Crush Members, Fairless, Yen Hartleroad, James, Basnette, O'Brien, Smith, Brookhart, Goins, Duncan, Shah, Dee-Hout, Lockhard, and Warden of Lawrence Correctional Center shall be **DISMISSED** from this case **without prejudice.**

The claims in the severed cases arising out of Lawrence Correctional Center and Stateville Correctional Center shall be subject to merits review pursuant to 28 U.S.C. § 1915A after the new case number and judge assignment is made. In each new case in this Court, the Clerk is **DIRECTED** to file the following documents:

1) This Memorandum and Order

2) The Complaint (Doc. 1)

3) Motion for Leave to Proceed in forma pauperis (Doc. 2)

Plaintiff **will be responsible for an additional $350.00 filing fee** in the newly severed cases. No service shall be ordered on the defendant in the severed case until the § 1915A review is completed.

**IT IS SO ORDERED.**

**Signed this 24ᵗʰ day of August, 2017.**

Digitally signed by Judge David R. Herndon
Date: 2017.08.24
16:45:06 -05'00'

**United States District Judge**